MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Deputy Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone: (510) 637-3929
   Facsimile: (510) 637-3724
   E-Mail: Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br>    v. <br><br>JUAN OCTAVIANO LOPEZ, <br>  aka Juan Octavio Lopez Ortiz, <br>  aka Juan Lopez Gomez, <br>  aka Manuel Vargas, and <br>GLENDY GOMEZ, <br>  aka Glendy Elizabeth Gomez, <br><br>    Defendants. | No. CR 09-00775 SBA <br><br>STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME |

    Plaintiff, by and through its attorney of record, and defendants, by and through their counsel of record, hereby stipulate and ask the Court to find as follows:

    1.    A status conference in this matter is currently scheduled for 10 a.m. on Tuesday, September 13, 2011.

    2.    The parties request that this hearing be continued until 10 a.m. on Monday, October 24, 2011, in order to provide defendants' counsel with additional time to evaluate the evidence in this case and determine whether or not defendants should enter a change of plea or

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME

file motions and to prepare for trial in this matter.

3. Specifically, counsel for defendant Gomez is in the process of scheduling an appointment to review the physical and electronic evidence in this matter. This review is necessary for effective preparation. In addition, counsel for defendant Lopez is presently investigating the validity of defendant Lopez's prior state felony narcotics conviction. The parties believe that failure to grant the above-requested continuance would deny defendants' counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

4. Thus, the parties respectfully request that the Court find that the time period from September 13, 2011, to October 24, 2011, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendants' request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence, as well as continuity of counsel.

IT IS SO STIPULATED.

MELINDA HAAG
United States Attorney

Dated: September 12, 2011  /s/
GARTH HIRE
Assistant United States Attorney

Attorney for United States of America


Dated: September 12, 2011  /s/
LYNN KESLAR

Attorney for Defendant
Juan Octaviano Lopez

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME           2

Dated: September 12, 2011         /s/
                                  RANDALL KNOX

                                  Attorney for Defendant
                                  Glendy Gomez

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO FOUND AND ORDERED THAT:

    1.    The currently scheduled September 13, 2011, status conference hearing is vacated. A status conference hearing is now scheduled for 10:00 a.m. on October 24, 2011.

    2.    The time period from September 13, 2011, to October 24, 2011, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendants' request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence, as well as continuity of counsel.

DATED: 9/12/11                    _Saundra B Armstrong_
                                  HONORABLE SAUNDRA BROWN ARMSTRONG
                                  UNITED STATES DISTRICT JUDGE