MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Deputy Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone: (510) 637-3929
   Facsimile: (510) 637-3724
   E-Mail: Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-00775 SBA |
| Plaintiff, | STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME |
| v. | |
| JUAN OCTAVIANO LOPEZ,<br>  aka Juan Octavio Lopez Ortiz,<br>  aka Juan Lopez Gomez,<br>  aka Manuel Vargas, and<br>GLENDY GOMEZ,<br>  aka Glendy Elizabeth Gomez, | |
| Defendants. | |

     Plaintiff, by and through its attorney of record, and defendants, by and through their counsel of record, hereby stipulate and ask the Court to find as follows:

     1.    A status conference in this matter is currently scheduled for 10 a.m. on Monday, November 7, 2011.

     2.    The parties request that this hearing be continued until 10 a.m. on Monday, November 28, 2011, in order to provide defendants' counsel with additional time to evaluate the evidence in this case and determine whether or not defendants should enter a change of plea or

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME

file motions and to prepare for trial in this matter.

3. Specifically, new counsel was recently appointed for defendant Lopez after his prior counsel withdrew. New counsel needs the continuance in order to review the discovery and the evidence, evaluate the previously proposed plea agreement in light of the discovery and the evidence, and to meet and confer with his client to discuss the discovery and the evidence and to determine whether or not to prepare and file motions in this case and/or to proceed to trial. In addition, counsel for defendant Gomez is in the process of providing what he believes to be discovery favorable to defendant Gomez to the government. The parties believe that failure to grant the above-requested continuance would deny defendants' counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

4. Thus, the parties respectfully request that the Court find that the time period from November 7, 2011, to November 28, 2011, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendants' request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence, as well as continuity of counsel.

IT IS SO STIPULATED.

MELINDA HAAG
United States Attorney

Dated: November 4, 2011            /s/
                                    GARTH HIRE
                                    Assistant United States Attorney

                                    Attorney for United States of America

Dated: November 4, 2011                    /s/
ERIK BABCOCK

Attorney for Defendant
Juan Octaviano Lopez

Dated: November 4, 2011                    /s/
RANDALL KNOX

Attorney for Defendant
Glendy Gomez

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled November 7, 2011, status conference hearing is vacated. A status conference hearing is now scheduled for 10:00 a.m. on November 28, 2011.

2. The time period from November 7, 2011, to November 28, 2011, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendants' request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence, as well as continuity of counsel.

DATED: 11/7/11                             _____
HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE